UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRCIT OF NEW YORK
------------------------------------------------------------------X   Civ Action No. 1:19-CV-10717
MICHEL CAUCHI
                      Plaintiff,    **COMPLAINT**

      -against-

601 WEST END TENANTS CORP., and CORNERSTONE    JURY TRIAL
MANAGEMENT SYSTEMS    DEMANDED

                      Defendant.
------------------------------------------------------------------X

        Plaintiff, MICHEL CAUCHI, by his attorneys, MIROTZNIK & ASSOCIATES, LLC, as and for its Complaint, respectfully alleges, upon information and belief:

## NATURE OF THE ACTION

        1.      Plaintiff is a building superintendent who worked for Defendant between 2007 and April 1, 2019. Throughout the course of his employment, Plaintiff regularly worked as many as seven days and well over 40 hours each week, including the requirement that he be on call 24 hours a day, seven days a week to deal with a multitude of issues that arose in the building, all without receiving minimum wages and/or overtime pay as required by law.

        2.      This action is brought to recover, *inter alia,* unpaid minimum and overtime wages owed to Plaintiff, attorneys' fees and costs. Plaintiff alleges that he was employed by Defendant, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that he is (i) entitled to unpaid overtime wages from Defendant for working more than forty (40) hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty hours in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* including 29 U.S.C §§216(b).

        3.      Plaintiff commenced this action pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 *et seq.* to remedy violations of the wage and hour provisions of the FLSA by Defendant that deprived Plaintiff of his lawful wages.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's federal claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. Sec. 1391(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Michael Cauchi ("Plaintiff" or "Cauchi") is an adult, over eighteen years old, who currently resides in New York County, in the state of New York.

8. Upon information and belief and at all times relevant herein, Defendant 601 West End Tenants Corp. is a real estate corporation located at 601 West End Avenue, New York, New York, 10024.

9. Defendant CORNERSTONE MANAGEMENT SYSTEMS is a real estate corporation located in New York. It is the managing agent of the building in which Plaintiff was employed in September of 2016.

10. At all times relevant herein, Plaintiff was employed by Defendants.

11. Upon information and belief, Defendant willfully failed to pay the Plaintiff the minimum and/or overtime wages as required by law.

12. Upon Information and belief, at all times relevant to this Complaint, Defendants

were employers of Plaintiffs within the meaning of the FLSA, 28 U.S.C §203(d) and NYLL §190(3).

## STATEMENT OF FACTS

13. Plaintiff was employed by Defendant from in or around 2002 to on or about April 1, 2019 as a building superintendent.

14. Plaintiff resided in the basement of one of the buildings. He lived in the basement for the sole purpose of being available to provide services on a 24 hour basis and would not have resided there but for the fact that he was required to be on site at all times to meet the requirements of his job.

15. During his employment with Defendants, Plaintiff worked in excess of 40 hours per week, working on average seven days and approximately 50 hours a week. Defendant failed to pay Plaintiff sufficiently for all hours worked as required by law.

16. At all times relevant herein, Plaintiff was paid at a rate of $18.87 an hour for each and all hours including his overtime hours that he wrote on his time sheets.

17. In addition to his hours actively working, Plaintiff was required to be on call to deal with all emergent situations that arose in the buildings 24 hours a day, 7 days a week.

18. Plaintiff was instructed by defendants to not write down or keep track of the hours worked over forty (40) hours on his time sheets.

19. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 U.S.C §211, 29 C.F.R. §516 and NYLL 195, 12 NYCRR §142.2-6 are incorporated herein by reference.

20. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants willfully failed to pay Plaintiff an overtime rate of one and one half

times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

21. Despite complaining to the board, Plaintiff was not properly compensated for his overtime work.

22. At all times applicable herein and upon information and belief, defendant failed to display federal and state minimum wage/overtime posters.

23. Upon information and belief, and at all relevant times herein, defendants failed to notify Plaintiff of his federal and statement minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

24. The circumstances surrounding Plaintiff's termination are under review and Plaintiff may assert wrongful termination claims at a later time in this action or in a separate action.

## FIRST CAUSE OF ACTION: FLSA OVERTIME

25. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

26. At all times relevant to this action, Plaintiff was employed by Defendants, within the meaning of the FLSA – 29 USC 201, et Seq.

27. Defendant violated the rights of Plaintiff by failing to pay overtime compensation at a rate not less than one -and one-half times the regular rate of pay for each hour worked in excess of 40 per week, in violation of the FLSA, 29 U.S.C. § 207(a)(l).

28. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of the FLSA, 29 U.S. C. § 255.

29. Defendant is liable to Plaintiff for his unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any

other appropriate relief pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION: NYLL § 190,191, 193, 195 and 198

30. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

31. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

32. Defendants, individually and/or jointly, violated and willfully violated NYLL§§ 190 et seq., including §§ 191, 193, 195 and 198, by failing to pay Plaintiff his unpaid overtime wages, Plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198.

33. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction direction defendants to comply with NYLL 195(1).

34. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statements(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to the NYLL 198 including NYLL 198(1-d).

### THIRD CAUSE OF ACTION

35. Plaintiff, with consent and approval from the defendants, made substantial improvements and repairs to his basement apartment and the basement hallway.   Plaintiff submitted receipts for reimbursements, as discussed and agreed.

36. Plaintiff, although duly demanded, has not received any reimbursement for the aforementioned labor and materials which total $124,146.62.

37. Furthermore, Plaintiff, although duly demanded, has not yet received his reimbursement for five (5) months of his cell phone bill, as agreed to, nor has the defendants matched his IRA contribution of 2018, as it has every prior year of Plaintiff's employment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff respectfully requests that this Court grant the following relief:

38. Declare defendants, individually and/or jointly, in violation of the Plaintiff's rights under the Fair Labor Standards Act.

39. As to the First Cause of Action, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29, USC 216(b);

40. As to the Second Cause of Action, award Plaintiff all outstanding wages, including unpaid non-overtime wages, overtime wages, minimum wages, spread of hours wages, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to NYLL§§ 190 et seq., including §§ 191, 193, 195 and 198.

41. As to the Third Cause of Action, award Plaintiff $124,146.62 and for such other further relief as this court seems just and proper.

42. Award plaintiff prejudgment interest on all monies due;

43. Award Plaintiff any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause, in addition to the relief requested in

the wherefore clause, together with such other and further relief as to this Court seems just and proper.

Dated: East Meadow, New York
November 19, 2019

By: Stephen F. Doddato (SD3247)
**MIROTZNIK & ASSOCIATES, LLC**
Attorneys for Plaintiff
2115 Hempstead Turnpike
East Meadow, New York 11554
(516) 794-8827